# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HUDSON 1701/1706, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-11853 (KBO)<br><br>(Jointly Administered) |
| FIRST AMERICAN TITLE INSURANCE COMPANY, solely as Escrow Agent and not in its individual capacity,<br><br>Plaintiff,<br><br>v.<br><br>HUDSON 1701/1706, LLC, HUDSON 1702, LLC, ALBERTO SMEKE SABA, SALOMON SMEKE SABA, CSC HUDSON LLC, and PARKVIEW FINANCIAL REIT, LP,<br><br>Defendants. | Adv. No. 25-52468-KBO<br><br><br><br>Hearing Date: January 13, 2026 at 1:00 p.m.<br>Obj. Deadline: January 6, 2026 at 4:00 p.m. |

### PLAINTIFF'S MOTION TO AUTHORIZE DEPOSIT OF INTERPLEADER FUNDS INTO THE REGISTRY OF THE COURT AND TO DISCHARGE PLAINTIFF FROM THE INTERPLEADER ACTION

Pursuant to Rule 67 of the Federal Rules of Civil Procedure, as made applicable herein by Rule 7067 of the Federal Rules of Bankruptcy Procedure, and 28 U.S.C. § 1335 and/or Rule 22 of the Federal Rules of Civil Procedure, as made applicable herein by Rule 7022 of the Federal Rules of Bankruptcy Procedure, Plaintiff First American Title Insurance Company, as escrow agent ("First American"), respectfully moves the Court for an order in substantially the form annexed hereto as **Exhibit A** (the "Proposed Order"), *inter alia*, authorizing First American to

---

[1] Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Hudson 1701/1706, LLC (0281) and Hudson 1702, LLC (0190).

28041158

deposit certain funds into the Registry of the Court and discharging First American from this action and represents as follows:

1. On December 18, 2025, First American commenced the above-captioned action for interpleader (the "Interpleader Action") as to the right sum of $1,637,500.00, less fees and expenses due[2] to First American (the "Interpleader Funds").

2. As more fully set forth in the accompanying Memorandum of Law,[3] once an interpleader plaintiff has satisfied the jurisdictional and other threshold requirements of an interpleader action, courts will authorize the interpleader plaintiff to deposit the interpleader funds with the court pursuant to Rule 67 of the Federal Rules of Civil Procedure and will discharge the interpleader plaintiff from liability and dismiss it from the case. Indeed, in interpleader actions brought pursuant to 28 U.S.C. § 1335, such deposits are required. *See generally*, 28 U.S.C. § 1335.

3. Here, the Court has subject matter jurisdiction over this Interpleader Action as a "rule interpleader" action pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1334(b) because this Interpleader Action clearly arises in and/or relates to the Bankruptcy Case as a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (M), and/or (O).[4] Further, Defendants, particularly the Guarantors, have voluntarily submitted themselves and the dispute over the Escrow Funds to the Bankruptcy Court by their strident participation in the Bankruptcy Case and

---

[2] Subject to attorney client protections, First American is prepared to submit invoices and/or other business records reflecting its current reasonable fees and expenses to the parties to the Escrow Agreement upon request. Likewise, as provided in the Proposed Order, in the event the Motion is granted, First American is prepared to submit to the parties to the Escrow Agreement and the Court invoices and/or other business records reflecting its total unpaid fees and expenses prior to final disposition of the Interpleader Funds.

[3] Capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to them in the accompanying Memorandum of Law.

[4] Pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware, First American consents to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final judgment or order absent consent of the parties.

referencing the Escrow and Settlement Agreements in their pleadings. *See, e.g.*, *Objection by Alberto Smeke Saba and Salomon Smeke Saba to Debtors' Application to Employ DLA Piper LLP (US) as Special Counsel, Effective as of the Petition Date* [Chapter 11 Cases Docket No. 123-1]. The Debtors have also listed the Settlement Agreement in their schedules and statements of financial affairs. [Chapter 11 Cases Docket No. 164, Page 77, Item 2.38]; [Chapter 11 Cases Docket No. 165, Page 20, Item 4.1; Page 42]; [Chapter 11 Cases Docket No. 166, Page 76, Item 2.38]; [Chapter 11 Cases Docket No. 167, Page 20, Item 4.1].

4. Alternatively, the Court has subject matter jurisdiction over this Interpleader Action as a "statutory interpleader" action pursuant to 28 U.S.C. § 1335 because the Interpleader Funds exceed $500.00, there is minimal diversity of citizenship between at least two of the claimants, and, upon the entry of the order granting this Motion, First American will also satisfy the final requirement to establish subject matter jurisdiction by depositing the Interpleader Funds into the registry of the Court.

5. Moreover, interpleader is an appropriate remedy here because First American has a good faith concern about duplicative litigation and multiple liability if it responds to the requests of certain claimants and not to others, and, other than its charging lien for its fees and expenses incurred with respect to the Interpleader Action, First American claims no beneficial interest in the Escrow Funds.

6. Accordingly, and for reasons more fully set forth in the accompanying Memorandum of Law, First American requests entry of an order, *inter alia*, authorizing it to deposit into the Registry of the Court the full amount of the Interpleader Funds which are the subject of the Interpleader Action, and thereafter discharging First American from the Interpleader Action and from any further liability arising out of or relating to the Escrow Funds

and/or the Escrow Agreement.

7. First American is serving this motion upon all the defendants and submits that such notice is proper under the circumstances.

8. No prior request for the relief sought herein has been made to this or any other Court.

WHEREFORE, First American respectfully requests the Bankruptcy Court issue an Order granting the relief requested herein and in the Proposed Order and for such other and further relief as the Court may deem just and proper.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated:  December 30, 2025 | **BENESCH, FRIEDLANDER,**<br>    **COPLAN & ARONOFF LLP**<br><br> /s/ *Jennifer R. Hoover*<br>Jennifer R. Hoover, Esq. (DE No. 5111)<br>Juan E. Martinez, Esq. (DE No. 6863)<br>1313 North Market Street, Suite 1201<br>Wilmington, DE 19801<br>Telephone: (302) 442-7006<br>Email: jhoover@beneschlaw.com<br>         jmartinez@beneschlaw.com<br><br>-and-<br><br>**DENTONS US LLP**<br><br>Lynn P. Harrison III, Esq. (*pro hac vice* forthcoming)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 768-6700<br>Facsimile:  (212) 768-6800<br>Email: lynn.harrisoniii@dentons.com<br><br><br>Elizabeth T. Ferrick, Esq. (*pro hac vice*)<br>101 South Hanley Road<br>Suite 600<br>St. Louis, Missouri 63105<br>Telephone: (314) 259-5910<br>Email: elizabeth.ferrick@dentons.com<br><br>*Counsel to First American Title Insurance Company* |