# Exhibit A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| HUDSON 1701/1706, LLC, *et al.*,[1] | Case No. 25-11853 (KBO) |
| Debtors. | (Jointly Administered) |
| FIRST AMERICAN TITLE INSURANCE COMPANY, solely as Escrow Agent and not in its individual capacity, | |
| Plaintiff, | Adv. No. 25-52468-KBO |
| v. | |
| HUDSON 1701/1706, LLC, HUDSON 1702, LLC, ALBERTO SMEKE SABA, SALOMON SMEKE SABA, CSC HUDSON LLC, and PARKVIEW FINANCIAL REIT, LP, | |
| | **RE: D.I. __** |
| Defendants. | |

**PROPOSED ORDER GRANTING PLAINTIFF'S MOTION TO AUTHORIZE DEPOSIT OF INTERPLEADER FUNDS INTO THE REGISTRY OF THE COURT AND TO <u>DISCHARGE PLAINTIFF FROM THE INTERPLEADER ACTION</u>**

Upon the motion of Plaintiff First American Title Insurance Company, as escrow agent ("<u>First American</u>"), to Authorize Deposit of Interpleader Funds into the Registry of the Court and to Discharge Plaintiff from the Interpleader Action (the "<u>Motion</u>")[2] pursuant to Rule 67 of the Federal Rules of Civil Procedure, as made applicable herein by Rule 7067 of the Federal Rules of Bankruptcy Procedure, and 28 U.S.C. § 1335 and/or Rule 22 of the Federal Rules of

---

[1] Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Hudson 1701/1706, LLC (0281) and Hudson 1702, LLC (0190).

[2] Capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

Civil Procedure, as made applicable herein by Rule 7022 of the Federal Rules of Bankruptcy Procedure; and this Court having found that the Court has jurisdiction to consider the Motion and the relief requested herein in accordance with 28 U.S.C. §§ 157 and 1334 and/or 28 U.S.C. § 1335; venue is proper in this Court pursuant to 28 U.S.C. § 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. First American is authorized and directed to deposit with the Registry of the Court for safekeeping an amount representing the outstanding balance of the Escrow Funds as of the date of such deposit, minus the estimated amount of First American's unpaid fees and expenses to date, with a direction to the Clerk of the Court to deposit such sum (the "Interpleader Funds") into a Court approved interest bearing account;

2. First American is authorized and directed to submit to the parties to the Escrow Agreement and Court, as necessary and required, invoices and/or other business records reflecting its unpaid fees and expenses to date;

3. First American is authorized to apply the amount of its unpaid fees and expenses to date deducted from the Escrow Funds to its unpaid fees and expenses, as supported by its invoices and/or business records filed in this Interpleader Action pursuant to the foregoing paragraph;

4. Upon payment of the Interpleader Funds to the Court, First American is discharged from further liability to any of the defendants named herein relating to the allegations in the Complaint and is dismissed from this action;

5. The defendants shall interplead and settle between themselves their rights to the Interpleader Funds;

6. Pursuant to 28 U.S.C. § 2361, the defendants are hereby enjoined "from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action" including the Interpleader Funds, Escrow Agreement, or the obligations of the Escrow Agent;

7. First American shall be awarded any other unpaid costs and attorneys' fees incurred in this action beyond the aforementioned amount deducted from the Escrow Funds; and

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.