IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HUDSON 1701/1706, LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 25-11853 (KBO)<br><br>(Jointly Administered) |
| FIRST AMERICAN TITLE INSURANCE COMPANY, solely as Escrow Agent and not in its individual capacity,<br><br>Plaintiff,<br><br>v.<br><br>HUDSON 1701/1706, LLC, HUDSON 1702, LLC, ALBERTO SMEKE SABA, SALOMON SMEKE SABA, CSC HUDSON LLC and PARKVIEW FINANCIAL REIT, LP,<br><br>Defendants. | Adv. No. 25-52468 (KBO) |

**OBJECTION OF ALBERTO SMEKE SABA, SALOMON SMEKE SABA AND CSC HUDSON LLC TO PLAINTIFF FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION TO AUTHORIZE DEPOSIT OF INTERPLEADER FUNDS INTO REGISTRY OF COURT AND TO DISCHARGE PLAINTIFF FROM INTERPLEADER ACTION**

Defendants Alberto Smeke Saba, Salomon Smeke Saba and CSC Hudson LLC, by and through their undersigned counsel, hereby object to (this "Objection") Plaintiff First American Title Insurance Company's ("Plaintiff") *Motion to Authorize Deposit of Interpleader Funds into the Registry of the Court and to Discharge Plaintiff from the Interpleader Action* (the "Motion") [Adv. Pro. Dkt. No. 12], and respectfully state as follows:

**PRELIMINARY STATEMENT**

Plaintiff's Motion should be denied because (i) it fails to comply with this Court's Local Bankruptcy Rules (the "Local Rules"), (ii) it is duplicative of relief already sought in Plaintiff's

*Complaint for Interpleader* (the "Complaint") [Adv. Pro. Dkt. No. 1], which relief, among other things, has not yet been prosecuted before this Court, and (iii) Plaintiff is not entitled to a discharge due to, among other things, its misconduct and breach of its obligations under the Escrow Agreement (as defined below).

## BACKGROUND

**The Settlement Agreement and Escrow Agreement**

On August 7, 2025, Parkview Financial REIT, LP (the "Lender" or "Administrative Agent"), Hudson 1701/1706, LLC and Hudson 1702, LLC (together, the "Debtors"), CSC Hudson LLC ("Holdings"), and Alberto Smeke Saba and Salomon Smeke Saba (the "Smekes") entered into that certain Settlement and Release Agreement (the "Settlement Agreement"). A true and correct copy of the Settlement Agreement is annexed to the Complaint as **Exhibit A**.

In conjunction with the Settlement Agreement, the Smekes, Holdings, the Lender, and Plaintiff entered into that certain Escrow Agreement dated as of August 7, 2025 (the "Escrow Agreement"), pursuant to which Plaintiff serves as escrow agent. A true and correct copy of the Escrow Agreement is annexed to the Complaint as **Exhibit B**.

On December 18, 2025, Plaintiff commenced the above-captioned adversary proceeding by the filing of the Complaint with this Court (the "Adversary Proceeding"). The deadline for the defendants, including the Smekes and Holdings, to respond to the Complaint has not yet occurred as of the date of this Objection.

## OBJECTION

**Plaintiff's Motion Violates Local Rule 7007-1(a).**

The Motion fails to comply with this Court's Local Rules, specifically Local Rule 7007-1(a), which provides in relevant part:

> (a) Briefing and Affidavit Schedule. *A party filing a motion in an adversary proceeding (except for a motion subject to Local Rule 7026-1 or a motion to approve a settlement of an adversary proceeding subject to subsection (c)) may not file a notice of motion.*
>
> (i) The opening brief and any supporting affidavit or appendix must be filed and served on the date of the filing of the motion;
>
> (ii) The answering brief and any supporting affidavit or appendix must be filed and served *no later than 14 days after service of the opening brief*; and
>
> (iii) The reply brief and any supporting affidavit or appendix must be filed and served *no later than seven (7) days after service of the answering brief*. (emphasis added).

Here, Plaintiff's Motion was filed in the Adversary Proceeding, together with a notice of motion setting forth (i) January 6, 2026 as the objection deadline and (ii) a hearing date of January 13, 2026 (the "Notice"). See Adv. Pro. Dkt. No. 12-2. As Local Rule 7007-1 makes clear, both the Notice itself and the dates listed thereon violate such Local Rule. Moreover, the pre-trial conference in the Adversary Proceeding is only scheduled for February 12, 2026, not pursuant to a hearing for January 13, 2026 as Plaintiff improperly seeks. Accordingly, such dates should be dismissed by this Court.[1]

**Plaintiff's Motion is Duplicative of the Relief Requested in the Complaint.**

The Motion is further flawed given that it's duplicative of Plaintiff's relief sought in the Complaint. See Adv. Pro. Dkt. No. 1. Among other things, both the allegations and the requested relief in the Motion are virtually identical to those set forth in Plaintiff's Complaint, including, without limitation, the grant of injunctive relief and discharge in favor of Plaintiff and the immediate and future offset of Plaintiff's fees and expenses against the Interpleader Funds (as defined in the Motion and Complaint).

---

[1] While the Smekes and Holdings file this Objection prior to the improper deadline, we do so to make this Court aware of such violations and thus reserve all rights to supplement this Objection in the timeframe allotted by the Local Rules.

Compare Complaint's "*Prayer For Relief*" with Motion's Proposed Order. Moreover, the Motion seeks declaratory relief that can only be brought by adversary proceeding, and as noted above there is already the Adversary Proceeding pending before this Court seeking the same relief, but for which no responses by the defendants, including the Smekes and Holdings, have been filed.

**Plaintiff Is Not Entitled to a Discharge, Let Alone Injunctive Relief, in Connection with Its Motion.**

While this is not the place to argue the merits, Plaintiff's actions and omissions in connection with the Escrow Agreement give rise to counterclaims by the Smekes and Holdings that warrant a denial of any discharge, let alone injunctive relief, in favor of Plaintiff. *See, e.g.,* Letter Exhibits attached to the Complaint. Moreover, Plaintiff has failed to date to present any evidence to this Court to support such far reaching relief, including in connection with its Motion, and it's premature to grant such relief, especially given the procedural defects raised hereinabove. *See, e.g.*, *Prudential Insurance Company of America v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009) ("[t]he typical interpleader action proceeds in two distinct stages," specifically the court must determine: (1) "whether the interpleader complaint was properly brought and whether to discharge the stakeholder from further liability to the claimants;" and (2) "the respective rights of the claimants to the interpleaded funds." (citing *NYLife Distribs., Inc. v. The Adherence Group, Inc.*, 72 F.3d 371, 375 (3d Cir. 1995); *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641–42 (6th Cir. 2007); 7 Wright & Miller, § 1714, at 624–28)). Accordingly, such relief in this Motion should be denied.

**CONCLUSION**

**WHEREFORE**, for the foregoing reasons, the Smekes and Holdings respectfully request that the Court enter an order (A) sustaining this Objection, (B) dismissing the deadlines and hearing date sought by Plaintiff, and (C) granting such further relief as may be just and proper.

January 6, 2026
Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Matthew P. Ward*
Matthew P. Ward, Esq. (Del. Bar No. 4471)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile:  (302) 252-4330
Email: matthew.ward@wbd-us.com

-and-

**VEDDER PRICE P.C.**
Michael L. Schein, Esq.
Robert Salame, Esq.
1633 Broadway, 31st Floor
New York, New York 10019
Telephone: (212) 407-7700
Facsimile:  (212) 407-7799
Email: mschein@vedderprice.com
         rsalame@vedderprice.com

*Counsel to Alberto Smeke Saba, Salomon Smeke Saba and CSC Hudson LLC*