IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HUDSON 1701/1706, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-11853 (KBO)<br><br>(Jointly Administered) |
| FIRST AMERICAN TITLE INSURANCE COMPANY, solely as Escrow Agent and not in its individual capacity,<br><br>Plaintiff,<br><br>v.<br><br>HUDSON 1701/1706, LLC, HUDSON 1702, LLC, ALBERTO SMEKE SABA, SALOMON SMEKE SABA, CSC HUDSON LLC, and PARKVIEW FINANCIAL REIT, LP,<br><br>Defendants. | Adv. No. 25-52468-KBO<br><br><br><br>**Hearing Date: TBD**<br>**Objection Deadline: TBD** |

### EMERGENCY MOTION TO ADJOURN HEARING ON PLAINTIFF'S MOTION TO AUTHORIZE DEPOSIT OF INTERPLEADER FUNDS AND RESERVATION OF RIGHTS

Plaintiff First American Title Insurance Company ("First American") hereby files this emergency motion to adjourn the hearing on *Plaintiff First American Title Insurance Company's Motion to Authorize Deposit of Interpleader Funds Into Registry of Court and to Discharge Plaintiff from Interpleader Action* [Docket No. 15] (the "Motion") scheduled for January 13, 2026 at 1:00 p.m. In support thereof, First American avers as follows:

---

[1] Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Hudson 1701/1706, LLC (0281) and Hudson 1702, LLC (0190).

1. On December 18, 2025, First American commenced this action for interpleader related to certain escrowed funds currently being held by First American pursuant to the Escrow Agreement as defined in the complaint in the action for the interpleader.

2. On December 30, 2025, First American filed the Motion.

3. On January 6, 2026, Defendants CSC Hudson LLC, Alberto Smeke Saba, and Salomon Smeke Saba (the "Objecting Parties") filed the *Objection of Alberto Smeke Saba, Salomon Smeke Saba and CSC Hudson LLC to Plaintiff First American Title Insurance Company's Motion to Authorize Deposit of Interpleader Funds Into Registry of Court and to Discharge Plaintiff from Interpleader Action* [Docket No. 15] (the "Objection").

4. On January 7, 2026, the Debtor Defendants Hudson 1701/1706, LLC and Hudson 1702, LLC (the "Debtors") filed a joinder in support of First American's Motion [D.I. 16].

5. On January 8, 2026, Defendant Parkview Financial REIT, LP ("Parkview") filed *Parkview Financial Reit, LP's Reservation of Rights with Respect to Plaintiff First American Title Insurance Company's Motion to Authorize Deposit of Interpleader Funds Into Registry of Court and to Discharge Plaintiff from Interpleader Action* [D.I. 17].

6. On January 9, 2026, First American filed a reply [D.I. 18] (the "Reply") in opposition to the Objection and in further support of the Motion.

7. First American has reviewed the Objection and the issues raised regarding notice and briefing under rule 7007-1(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). First American was (and remains) prepared to address those concerns by adjourning the hearing until the hearing scheduled for February 12, 2026 at 10:30 a.m. (the "February Hearing") and agree upon a briefing schedule. First American, through counsel, advised the Objecting Parties of

same prior to filing the Reply and this expedited request. As the Objecting Parties have not, as of this filing, consented to an adjournment until the February Hearing to address and resolve their concerns, First American was compelled to file this expedited request and seeks the relief of this Court to continue the hearing currently scheduled for January 13.

## RELIEF REQUESTED

8.    By this Motion, First American respectfully requests the Court (a) enter the proposed order attached hereto as **Exhibit A** adjourning a hearing on the Motion to the February Hearing, and (b) grant any other relief the Court deems just and proper.

## BASIS FOR RELIEF

9.    Section 105(a) empowers this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

10.    Pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006, and the Court's inherent discretion to control its own docket, the Court has sufficient authority and cause to adjourn the hearing date. *See Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) ("[B]road discretion must be granted trial courts on matters of continuances. . . ."); *CGB Occupational Therapy, Inc. v. RHA Health Servs. Inc.*, 357 F.3d 375, 390–91, n.16 (3d Cir. 2004) (the appropriate test when determining whether a court should grant a continuance is abuse of discretion).

11.    Sufficient cause exists for the Court to adjourn the hearing on the Motion to the February Hearing. The Objecting Parties have raised issues regarding notice and briefing under Local Rule 7007-1(a). First American attempted to informally resolve the issue by requesting that the parties stipulate to adjourning the hearing to the February Hearing and agreeing on a

briefing schedule. However, despite the Objecting Parties own objection to having the Motion heard on January 13, they refused First American's request to adjourn the Motion to the February Hearing.

12. Indeed, there is an inherent inconsistency between the Objecting Parties' arguments regarding the noticing of the hearing on the Motion yet refusing to consent to First American's request to adjourn the Motion to the February Hearing.

13. As such, in order to address certain of the Objecting Parties' objection and in the interest of (i) conserving the Court's time and (ii) expediency, First American submits that sufficient cause exists to adjourn the hearing on the Motion to the February Hearing.

14. First American advised the following parties of its intent to seek an adjournment prior to the filing of this Motion: (i) counsel to the Debtors; (ii) counsel to the Objecting Parties; (iii) counsel to Parkview; (iv) counsel to the Official Committee of Unsecured Creditors; and (v) the U.S. Trustee. As of this filing, the Debtors and Parkview have advised that they do not object to the adjournment.

## NOTICE

15. Notice of this motion has been provided to: (i) counsel to the Debtors; (ii) counsel to the Objecting Parties; (iii) counsel to Parkview; (iv) counsel to the Official Committee of Unsecured Creditors; and (v) the U.S. Trustee. In light of the nature of the relief requested herein, First American submits that no other or further notice is necessary.

## CONCLUSION

16. WHEREFORE, First American respectfully requests that this Court (i) enter the Proposed Order granting the relief requested herein and (ii) grant such other relief as may be just and proper.

| | |
|---|---|
| Dated: January 9, 2026 | **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP** |

   /s/ *Jennifer R. Hoover*
Jennifer R. Hoover, Esq. (DE No. 5111)
Juan E. Martinez, Esq. (DE No. 6863)
1313 North Market Street, Suite 1201
Wilmington, DE 19801
Telephone: (302) 442-7006
Email: jhoover@beneschlaw.com
       jmartinez@beneschlaw.com

-and-

**DENTONS US LLP**

Lynn P. Harrison III, Esq. (*pro hac vice* forthcoming)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: lynn.harrisoniii@dentons.com


Elizabeth T. Ferrick, Esq. (*pro hac vice*)
101 South Hanley Road
Suite 600
St. Louis, Missouri 63105
Telephone: (314) 259-5910
Email: elizabeth.ferrick@dentons.com

*Counsel to First American Title Insurance Company*