# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HUDSON 1701/1706, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-11853 (KBO)<br><br>(Jointly Administered) |
| FIRST AMERICAN TITLE INSURANCE COMPANY, solely as Escrow Agent and not in its individual capacity,<br><br>Plaintiff,<br><br>v.<br><br>HUDSON 1701/1706, LLC, HUDSON 1702, LLC, ALBERTO SMEKE SABA, SALOMON SMEKE SABA, CSC HUDSON LLC, and PARKVIEW FINANCIAL REIT, LP,<br><br>Defendants. | Adv. No. 25-52468-KBO |

**FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 9006(c) AND LOCAL RULE 9006-1(e) SHORTENING THE NOTICE PERIOD FOR EMERGENCY MOTION TO ADJOURN HEARING ON PLAINTIFF'S MOTION TO AUTHORIZE DEPOSIT OF <u>INTERPLEADER FUNDS AND RESERVATION OF RIGHTS</u>**

First American Title Insurance Company ("<u>First American</u>") respectfully states the following in support of this motion (the "<u>Motion</u>"):

**<u>RELIEF REQUESTED</u>**

1. First American contemporaneously filed herewith *First American Title Insurance Company's Emergency Motion to Adjourn Hearing on Plaintiff's Motion to Authorize Deposit of*

---

[1] Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Hudson 1701/1706, LLC (0281) and Hudson 1702, LLC (0190).

*Interpleader Funds and Reservation of Rights* (the "Adjournment Motion")[2] and seek entry of an order in the form attached hereto as **Exhibit A** (the "Order"): (a) shortening the time for notice of the hearing to consider approval of the Adjournment Motion so that the matter may be heard at the omnibus hearing currently scheduled in the above-captioned chapter 11 case (the "Chapter 11 Case") for January 13, 2026, at 1:00 p.m. (ET) (the "Proposed Hearing Date") and (b) setting a deadline of 4:00 p.m. (prevailing Eastern time) on the day prior to the Proposed Hearing Date (the "Proposed Objection Deadline") for objections or responses to the relief requested in the Adjournment Motion.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. First American confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are Bankruptcy Rules 2002(a) and 9006(c) and Local Rules 2002-1(a) and 9006-1(e).

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Adjournment Motion.

**THE ADJOURNMENT MOTION**

5. Through the Adjournment Motion, First American seeks Court approval to adjourn the hearing on *Plaintiff's Motion to Authorize Deposit of Interpleader Funds into the Registry of the Court and to Discharge Plaintiff from the Interpleader Action* [Docket No. 12] (the "Motion") to the hearing currently scheduled for February 12, 2026 at 10:00 a.m. (the "February Hearing").

6. As more fully described in the Adjournment Motion, Defendants CSC Hudson LLC, Alberto Smeke Saba, and Salomon Smeke Saba (the "Objecting Parties") filed the *Objection of Alberto Smeke Saba, Salomon Smeke Saba and CSC Hudson LLC to Plaintiff First American Title Insurance Company's Motion to Authorize Deposit of Interpleader Funds Into Registry of Court and to Discharge Plaintiff from Interpleader Action* [Docket No. 15] (the "Objection"). First American reviewed the Objection and the issues raised regarding notice and briefing under rule 7007-1(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In the interest of (i) conserving the Court's time and (ii) expediency, First American was (and remains) prepared to address those concerns by adjourning the hearing until the February Hearing and agree upon a briefing schedule. First American, through counsel, advised the Objecting Parties of same prior to filing the Adjournment Motion and this Motion to Shorten Notice. As the Objecting Parties denied First American's request to adjourn the hearing until the February Hearing to address and resolve their concerns, First American was compelled to file this expedited request and seeks the relief of this Court to continue the hearing currently scheduled for January 13.

7. Accordingly, First American respectfully requests that the Court shorten the time for notice of the hearing to consider approval of the Adjournment Motion so that it may be heard

at the hearing currently scheduled for January 13, 2026, at 1:00 p.m. (ET), and granted related relief as described herein.

## BASIS FOR RELIEF

8. Local Rule 9006-1(c) provides that, unless otherwise specified in the Bankruptcy Rules or Local Rules, motions generally require fourteen (14) days' notice. Del. Bankr. L.R. 9006-1(c). Pursuant to Local Rule 9006-1(e), such period may be shortened by order of the Court upon written motion specifying the exigencies supporting shortened notice. Del. Bankr. L.R. 9006-1(e). Moreover, according to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the Court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonness of such motions "given the accelerated time frame of bankruptcy proceedings").

9. First American submits that there is sufficient cause to justify shortening the notice period for the hearing on the Adjournment Motion.

10. Additionally, First American submits that no parties in interest will be significantly prejudiced by the requested shortened notice period. To the contrary, as described above and in the Adjournment Motion, the adjournment inures to the benefit of, and is in the paramount interests of, the Objecting Parties as their own Objection took issue with the January 13 hearing date.

11. To compensate for the reduced notice period, First American will serve the Adjournment Motion and this Motion, on or immediately following the date of the filing of this Motion, by email and/or overnight courier to the following parties and/or their respective counsel,

as applicable: (i) counsel to the Debtors; (ii) counsel to the Objecting Parties; (iii) counsel to Parkview; (iv) counsel to the Official Committee of Unsecured Creditors; and (v) the U.S. Trustee.

### COMPLIANCE WITH LOCAL RULE 9006-1(e)

12. Before filing this Motion, counsel to First American notified (i) counsel to the Debtors; (ii) counsel to the Objecting Parties; (iii) counsel to Parkview; (iv) counsel to the Official Committee of Unsecured Creditors; and (v) the U.S. Trustee of the relief requested in this Motion. The Debtors and Parkview indicated that they do not object to the requested adjournment nor did they oppose the expedited relief requested herein. The U.S. Trustee and counsel for the Official Committee of Unsecured Creditors indicated that they take no position on the relief requested in this Motion. As of the filing of this Motion, the Objecting Parties have not responded to the relief requested in this Motion.

### NO PRIOR REQUEST

13. No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, First American respectfully requests that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: January 9, 2026

**BENESCH, FRIEDLANDER,**
**COPLAN & ARONOFF LLP**

/s/ *Jennifer R. Hoover*
Jennifer R. Hoover, Esq. (DE No. 5111)
Juan E. Martinez, Esq. (DE No. 6863)
1313 North Market Street, Suite 1201
Wilmington, DE 19801
Telephone: (302) 442-7006
Email: jhoover@beneschlaw.com
          jmartinez@beneschlaw.com

-

-and-

**DENTONS US LLP**

Lynn P. Harrison III, Esq. (*pro hac vice* forthcoming)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 768-6700
Facsimile:  (212) 768-6800
Email: lynn.harrisoniii@dentons.com


Elizabeth T. Ferrick, Esq. (*pro hac vice*)
101 South Hanley Road
Suite 600
St. Louis, Missouri 63105
Telephone: (314) 259-5910
Email: elizabeth.ferrick@dentons.com

*Counsel to First American Title Insurance Company*