# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| HUDSON 1701/1706, LLC, *et al.*, | Case No. 25-11853 (KBO) |
| Debtors. | (Jointly Administered) |
| FIRST AMERICAN TITLE INSURANCE COMPANY, solely as Escrow Agent and not in its individual capacity, | Adv. No. 25-52468 (KBO) |
| Plaintiff, | |
| v. | |
| HUDSON 1701/1706, LLC, HUDSON 1702, LLC, ALBERTO SMEKE SABA, SALOMON SMEKE SABA, CSC HUDSON LLC and PARKVIEW FINANCIAL REIT, LP, | |
| Defendants. | Re: Docket Adv. Pro. Nos. 20 & 24 |

### OBJECTION OF ALBERTO SMEKE SABA, SALOMON SMEKE SABA AND CSC HUDSON LLC TO PLAINTIFF'S EMERGENCY MOTION TO ADJOURN INTERPLEADER MOTION

Defendants Alberto Smeke Saba, Salomon Smeke Saba and CSC Hudson LLC, by and through their undersigned counsel, hereby object (this "Objection") to Plaintiff First American Title Insurance Company's ("Plaintiff") *Emergency Motion to Adjourn Hearing on Plaintiff's Motion to Authorize Deposit of Interpleader Funds and Reservation of Rights* (the "Adjournment Motion") [Adv. Pro. Dkt. No. 20], and respectfully state as follows:

### PRELIMINARY STATEMENT

Plaintiff's Motion should not be adjourned and should be denied because it is procedurally defective given that it fails to comply with Bankruptcy Rule 7001, is duplicative of relief already sought in Plaintiff's *Complaint for Interpleader* (the "Complaint") [Adv. Pro. Dkt. No. 1] pending

before this Court, and, most importantly, causes needless time and expense to be incurred by the parties for no supportable basis.[1]

## OBJECTION

As previously explained to Plaintiff's counsel, their *Motion to Authorize Deposit of Interpleader Funds into the Registry of the Court and to Discharge Plaintiff from the Interpleader Action* (the "<u>Interpleader Motion</u>") [Adv. Pro. Dkt. No. 12] is procedurally flawed because it fails to comply with Bankruptcy Rule 7001, which requires an adversary proceeding to be commenced when seeking, among other relief, injunctive and declaratory relief.  <u>See</u> Bankruptcy Rule 7001(g) and 7001(i).  Plaintiff is clearly aware of this requirement because they have already commenced the Adversary Proceeding by the filing of the Complaint.  However, despite discussions regarding such defect, Plaintiff nonetheless desires to continue to prosecute the Motion, albeit now at a later date.

To grant the relief sought in the Adjournment Motion, let alone the underlying Interpleader Motion, would cause needless expense and time to be incurred that the parties, including the Smekes and Holdings (and this Court), should not have to bear given that the relief sought in the Interpleader Motion is completely duplicative of the relief already being sought by Plaintiff in the Adversary Proceeding.  <u>See</u> Adv. Pro. Dkt. No. 1.  Among other things, both the allegations and the requested relief in the Interpleader Motion are virtually identical to those set forth in Plaintiff's Complaint, including, without limitation, the grant of injunctive relief and discharge in favor of Plaintiff and the immediate and future offset of Plaintiff's fees and expenses against the Interpleader Funds (as defined in both the Motion and Complaint).  <u>Compare</u> Complaint's "*Prayer For Relief*" <u>with</u> Motion's Proposed Order.  Thus, denial of the Adjournment Motion and dismissal

---

[1] The Smekes and Holdings also incorporate the arguments raised in their objection [Adv. Pro. Dkt. No. 15] previously filed in the above-captioned adversary proceeding (the "<u>Adversary Proceeding</u>").

of the Interpleader Motion is the only relief that should be granted so that the parties can properly address their disputes before this Court pursuant to the Adversary Proceeding. To do otherwise, would be duplicative, cause needless expense and could lead to inconsistent results.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the Smekes and Holdings respectfully request that the Court enter an order (A) sustaining this Objection, (B) dismissing the Adjournment Motion and the Interpleader Motion, and (C) granting such further relief as may be just and proper.

| | |
|---|---|
| January 12, 2026<br>Wilmington, Delaware | **WOMBLE BOND DICKINSON (US) LLP**<br><br>*/s/ Matthew P. Ward*<br>Matthew P. Ward, Esq. (Del. Bar No. 4471)<br>1313 North Market Street, Suite 1200<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-4320<br>Facsimile: (302) 252-4330<br>Email: matthew.ward@wbd-us.com<br><br>-and-<br><br>**VEDDER PRICE P.C.**<br>Michael L. Schein, Esq.<br>Robert Salame, Esq.<br>1633 Broadway, 31st Floor<br>New York, New York 10019<br>Telephone: (212) 407-7700<br>Facsimile: (212) 407-7799<br>Email: mschein@vedderprice.com<br>         rsalame@vedderprice.com<br><br>*Counsel to Alberto Smeke Saba, Salomon Smeke Saba and CSC Hudson LLC* |