**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| HUDSON 1701/1706, LLC, *et al.*,[1] | Case No. 25-11853 (KBO) |
| Debtors. | (Jointly Administered) |
| FIRST AMERICAN TITLE INSURANCE COMPANY, solely as Escrow Agent and not in its individual capacity, | |
| Plaintiff, | Adv. No. 25-52468-KBO |
| v. | **Docket No. 46** |
| HUDSON 1701/1706, LLC, HUDSON 1702, LLC, ALBERTO SMEKE SABA, SALOMON SMEKE SABA, CSC HUDSON LLC, and PARKVIEW FINANCIAL REIT, LP, | |
| Defendants. | |

**CERTIFICATION OF COUNSEL REGARDING PROPOSED SCHEDULING ORDER**
**OF ALBERTO SMEKE SABA, SALOMON SMEKE SABA AND CSC HUDSON LLC**

The undersigned counsel for Defendants Alberto Smeke Saba, Salomon Smeke Saba and CSC Hudson LLC (collectively, the "Guarantors") hereby certifies that:

1.     On February 4, 2026 at 2:07 p.m. (ET), just 23 minutes before a previously-scheduled meet and confer between the parties, counsel to Plaintiff First American Title Insurance Company ("First American") shared a draft of First American's proposed scheduling order with

---

[1]     Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Hudson 1701/1706, LLC (0281) and Hudson 1702, LLC (0190).

Guarantors' counsel for the first time in the above-captioned adversary proceeding (the "Adversary Proceeding").

2.      On February 9, 2026 at 10:55 a.m. (ET), Guarantors' counsel provided comments on the proposed scheduling order to counsel to all of the parties to the Adversary Proceeding, including First American.

3.      Despite receipt of Guarantors' comments to the proposed scheduling order, at 6:28 p.m. (ET) on February 9, 2026, First American proceeded to file the *Certification of Counsel Regarding Plaintiff First American's Proposed Scheduling Order* (D.I. 46) (the "First American COC").

4.      The First American COC inaccurately represented that "First American did not have sufficient time to fully resolve all issues with the Guarantors' suggested revisions and file an amended version of the Proposed Order before the expiration of the deadline." D.I. 46, ¶ 12 n. 2.

5.      In reality, following receipt of Guarantors' comments, First American never contacted Guarantors' counsel to attempt to resolve any of the Guarantors' comments to the proposed scheduling order.

6.      As a result, the Guarantors respectfully request that the Court enter the Guarantors' form of proposed scheduling order attached hereto as **Exhibit A** (the "Guarantors' Proposed Scheduling Order").

7.      A blackline of the Guarantors' Proposed Scheduling Order compared against First American's form of proposed scheduling order submitted with the First American COC is attached hereto as **Exhibit B**.

WHEREFORE, the Guarantors respectfully request that the Court enter the Guarantors' Proposed Scheduling Order setting the schedule for this Adversary Proceeding, substantially in the form attached hereto as **Exhibit A**, at the Court's earliest convenience.

February 10, 2026
Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Matthew P. Ward*
Matthew P. Ward, Esq. (Del. Bar No. 4471)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile:  (302) 252-4330
Email: matthew.ward@wbd-us.com

-and-

**VEDDER PRICE P.C.**
Michael L. Schein, Esq.
Robert Salame, Esq.
1633 Broadway, 31st Floor
New York, New York 10019
Telephone: (212) 407-7700
Facsimile:  (212) 407-7799
Email: mschein@vedder.com
        rsalame@vedder.com

*Counsel to Alberto Smeke Saba, Salomon Smeke Saba and CSC Hudson LLC*