# **EXHIBIT B**

**Blackline**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HUDSON 1701/1706, LLC, *et al.*,[1] | Chapter 11<br><br>Case No. 25-11853 (KBO)<br><br>(Jointly Administered) |
| FIRST AMERICAN TITLE INSURANCE COMPANY, solely as Escrow Agent and not in its individual capacity,<br><br>Plaintiff,<br><br>v.<br><br>HUDSON 1701/1706, LLC, HUDSON 1702, LLC, ALBERTO SMEKE SABA, SALOMON SMEKE SABA, CSC HUDSON LLC, and PARKVIEW FINANCIAL REIT, LP,<br><br>Defendants. | Adv. No. 25-52468 (KBO) |

## [PLAINTIFF'S DEFENDANTS ALBERTO SMEKE SABA, SALOMON SMEKE SABA AND CSC HUDSON'S PROPOSED] SCHEDULING ORDER

To promote the efficient and expeditious disposition of adversary proceedings, the following schedule shall apply to the above-captioned adversary proceeding (the "Adversary Proceeding").[2]

---

[1] Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Hudson 1701/1706, LLC (0281) and Hudson 1702, LLC (0190).

[2] In accordance with Local Rule 7016-1(a), counsel for all parties met and conferred on February 5, 2026, and agreed to exchange any suggested revisions to the Proposed Scheduling Order by February 6, 2026. First American provided a copy of the Proposed Scheduling Order to counsel for all parties prior to the meet and confer. To date, First American has not received any suggested revisions to the Proposed Scheduling Order from the Debtors. On February 9, 2026 — the deadline for First American to file the Proposed Scheduling Order in accordance with Local Rule 7016-1(d) — the Guarantors submitted suggested revisions throughout, and Parkview orally submitted one revision subject to the submission of further revisions. Given the deadline of February 9, 2026, to file the Proposed Scheduling Order, First American was able to adopt Parkview's revision and many of

**IT IS HEREBY ORDERED** that:

1. <u>Exclusion of the Motion to Deposit</u>. The Scheduling Order shall exclude, for all purposes, *Plaintiff's Motion to Authorize Deposit of Interpleader Funds into the Registry of the*

---

[1] Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Hudson 1701/1706, LLC (0281) and Hudson 1702, LLC (0190).

*Court and to Discharge Plaintiff from the Interpleader Action* [~~A.~~D.I. 12] (the "Motion to Deposit"),

~~Deposit"),~~ including the briefing schedules set forth in Paragraph 8 below.

  2. <u>Amended and Supplemental Pleadings</u>. To expedite resolution of the Adversary Proceedings, a party may amend its pleadings once as a matter of course no later than twenty-one (21) days after serving it. Unless otherwise agreed to by the parties, all other provisions of Fed. R. Civ. P. 15 apply to the Adversary Proceeding.

  3. <u>Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within ~~fourteen~~<u>twenty-one</u> (~~14~~<u>21</u>) days of the date of entry of this Order.

  4. <u>Satisfaction of Rule 7016-1(a)</u>. The requirements of Fed. R. Civ. P. 26(f), *i.e.* mandatory meeting before the scheduling conference/discovery plan, are hereby deemed to be satisfied upon entry of this Scheduling Order, and the parties shall not be required to submit a written report as may otherwise be required under Fed. R. Civ. P. 26(f).

  5. <u>Pre-Mediation Fact Discovery</u>. ~~Except as set forth herein, all~~ <u>All</u> written interrogatories, document requests and requests for admission, if any, may be served upon the adverse party at any time after ~~February 24, 2026~~<u>the service of all answers to all crossclaims and counterclaims submitted in this Adversary Proceeding</u>.

  6. <u>Mediation</u>. The ~~parties~~<u>Parties</u> shall conduct non-binding mediation no later than August 10, 2026. The parties shall agree to a mediator, and submit an order appointing such mediator, no

---

~~the Guarantors' revisions. However, First American did not have sufficient time to fully resolve all issues with the Guarantors' suggested revisions and file an amended version of the Proposed Order before the expiration of the deadline.~~

later than seventy-five (75) days prior to the mediation deadline. Alternatively, if the parties cannot agree to a mediator, they shall each submit their choice of mediator under a joint certification of counsel for the Court's determination. Such certification of counsel shall also afford the Court the opportunity to appoint its own choice of mediator.

Within seven (7) calendar days after the conclusion of the mediation, the mediator shall file a report (the "**Mediator's Report**") on the docket in this Adversary Proceeding, which ~~shall be~~ shall be limited to stating only whether the Adversary Proceeding settled or did not settle.

7. Post-Mediation Fact Discovery. In the event mediation fails to resolve the Adversary Proceeding, the parties shall have sixty (60) days from the filing of the Mediator's Report to complete all fact discovery, including depositions of fact witnesses, if any. All fact discovery in this matter shall be initiated so that it will be completed on or before sixty (60) days following the filing of the Mediator's Report (the "**Fact Discovery Cutoff Date**").

8. Expert Reports and Testimony.

    i. Opening Expert Reports. Should mediation fail to resolve the Adversary Proceeding, if the party who has the initial burden of proof on a subject matter intends to submit expert testimony on such subject matter, that party shall file the initial Fed. R. Civ. P. 26(a)(2) disclosure of expert testimony and expert report(s) on or before forty-five (45) days after the Fact Discovery Cutoff Date (the "**Opening Expert Report Deadline**").

    ii. Rebuttal Expert Reports. Any rebuttal reports shall be due on or before thirty (30) days after Opening Expert Report Deadline (the "**Rebuttal Expert Report Deadline**").

    iii. Reply Expert Reports. Any reply to expert reports from the party with the initial burden of proof are due on or before thirty (30) days after the Rebuttal Expert

Report Deadline (the "**Reply Expert Report Deadline**") and shall be limited to those issues (if ~~any)~~

any) raised for the first time in the opposing party's rebuttal report(s). No other expert reports will be permitted without either the consent of all parties or leave of the Court.

        iv.      Expert Depositions**.** Along with the submissions of the expert reports, the parties shall advise of the dates and times of their expert's or experts' availability for deposition. All expert depositions shall be completed on or before twenty-one (21) days after the Reply Expert Report Deadline (the "**Expert Discovery Cutoff Date**").

        v.      Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Fed. R. Evid. 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

   9.   Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion may be served at any time during the pendency of the Adversary Proceeding but, in no case, can they be served and filed more than forty-five (45) days after the Expert Discovery Cutoff Date (the "**Case Dispositive Motion Deadline**"). Answering briefs and accompanying affidavits shall be served and filed on or before thirty (30) days after the Case Dispositive Motion Deadline (the "**Answering Brief Deadline**"). Reply briefs and accompanying affidavits shall be served and filed on or before thirty (30) days after the Answering Brief Date (the "**Reply Brief Deadline**"). All case dispositive motions and related pleadings are subject to Del. Bankr. L.R. 7007.

   10.   Discovery Motions. Del. Bankr. L.R. 9013-1(b) notwithstanding, the parties shall not file discovery motions unless the Court requests briefing. Should counsel find they are unable to resolve a discovery dispute following an appropriate meet and confer, the party seeking relief

shall contact Chambers to schedule a telephone conference. The Court will attempt to resolve the dispute before the need to engage in motion practice. If the dispute cannot be resolved during the initial teleconference, the Court will set appropriate briefing based upon the issues to be addressed.

11. <u>Application to Court for Protective Order</u>. In the event it is necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order. If counsel is unable to reach an agreement on a proposed form of order, counsel must first follow the provisions of Paragraph 10 above. Any proposed order shall include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

12. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. ~~Any non-dispositive motion should contain the statement required by District Court Local Rule 7.1.1.~~

13. <u>Trial</u>. Within thirty (30) days of the disposition of case-dispositive motions filed by the Case Dispositive Motion Deadline, or, if no such motions are filed, within <u>thirty (30)</u> days of such deadline, the parties will coordinate with the Court to set a trial date.

14. <u>Calculation of Dates</u>. All dates provided for herein shall be determined in accordance with Federal Rule of Bankruptcy Procedure 9006(a).

|  | **Summary report:** **Litera Compare for Word 11.10.0.38 Document comparison done on 2/10/2026 3:43:49 PM** |
|---|---|
| **Style name:** WBD Standard | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** 2.  Plf order.pdf | |
| **Modified filename:** 3.  First American_Hudson Proposed Scheduling Order -2.10.26 (4899-0014-0174.pdf | |
| **Changes:** | |
| Add | 30 |
| Delete | 41 |
| Move From | 2 |
| Move To | 2 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 75 |