### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Hudson 1701/1706, LLC, *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 25-11853 (KBO)<br><br>(Jointly Administered) |
| FIRST AMERICAN TITLE INSURANCE COMPANY, solely as Escrow Agent and not in its individual capacity,<br><br>        Plaintiff,<br><br>    v.<br><br>HUDSON 1701/1706, LLC, HUDSON 1702, LLC, ALBERTO SMEKE SABA, SALOMON SMEKE SABA, CSC HUDSON LLC and PARKVIEW FINANCIAL REIT, LP,<br><br>        Defendants. | Adv. Pro. No. 25-52468 (KBO) |

**PARKVIEW FINANCIAL REIT, LP'S RESERVATION OF RIGHTS**
**WITH RESPECT TO FIRST AMERICAN'S MOTION TO RECOVER**
**ITS REASONABLE ATTORNEYS' FEES AND EXPENSES**

Defendant-Crossclaim Plaintiff-Counter-Defendant Parkview Financial REIT, LP

(**"Parkview"**) submits this reservation of rights with respect to First American Title Insurance

Company's (**"First American"**) Motion to Recover its Reasonable Attorneys' Fees and Expenses

(the **"Motion"**) [Adv. Pro. Dkt. No. 77].

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Hudson 1701/1706, LLC (0281) and Hudson 1702, LLC (0190). The Debtors' mailing address is c/o FTI Consulting, Inc. Attn: Alan Tantleff, 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

Parkview, as Administrative Agent and Lender under the Settlement Agreement and the Escrow Agreement,[2] is a claimant to the Interpleader Funds. *See* Adv. Pro. Dkt. No. 44 (Answer to Complaint for Interpleader, Affirmative Defenses, and Crossclaims of Defendant Parkview Financial REIT, LP). As set forth more fully in Parkview's crossclaims against Defendants-Crossclaim Defendants-Counter-Plaintiffs Alberto Smeke Saba, Salomon Smeke Saba, and CSC Hudson LLC (the **"Guarantor Parties"**), incorporated herein by reference, Parkview is entitled to, among other damages and declaratory relief, a judgment or order awarding to Parkview the Interpleader Funds. *See id.* In the Motion, First American seeks to recover from the Interpleader Funds its reasonable attorneys' fees and expenses, totaling $325,151.50, incurred in connection with (1) filing the Interpleader Action and Deposit Motion and related briefing, including the Deposit Memo; the Deposit Reply, and the Joint Proposed Order granting the Deposit Motion; (2) the Adjournment Motion; (3) the Proposed Scheduling Order and the Joint Proposed Scheduling Order; and (4) the Guarantor Parties' Counterclaim. *See* Adv. Pro. Dkt. No. 77 ¶ 13.

Parkview does not object to the relief requested in the Motion. Parkview, however, hereby reserves all rights and remedies against the Guarantor Parties in connection with the Motion, including without limitation, the right to seek as additional damages against the Guarantor Parties as part of Parkview's crossclaims any sums First American is awarded from the Interpleader Funds. In addition to the factual and legal grounds supporting Parkview's entitlement to the full value of the Interpleader Funds, as set forth in Parkview's crossclaims, the Guarantor Parties engaged in unreasonable, and baseless litigation with First American, including in connection with the Deposit Motion, the Adjournment Motion, and the Guarantor Parties' Counterclaims, which

---

[2] The terms **"Administrative Agent"** and **"Lender"** have the definitions set forth in the Settlement Agreement and the Escrow Agreement filed at Adv. Pro. Dkt. Nos. 1.1 and 1.2, both of which are incorporated herein by reference. Capitalized terms used but not otherwise defined have the meanings given them in the Motion.

directly and unnecessarily caused First American to incur additional and otherwise avoidable fees and expenses. Under these circumstances, it would be appropriate for the Court to tax First American's fees and expenses against the Guarantor Parties "rather than against the interpleader fund." *Septembertide Pub., B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2d Cir. 1989) (relying on litigant's "unreasonable litigation posture" to support taxing costs against it rather than interpleader fund). But instead of wasting additional resources litigating with First American over the source of its fees and expenses, Parkview will defer the entirety of its crossclaims against the Guarantor Parties to such time as the merits of Parkview's crossclaims are decided, subject to this reservation of rights. At such time, Parkview will seek full relief against the Guarantor Parties, including without limitation, any sums from the Interpleader Funds that are distributed to First American in connection with the Motion or otherwise.

Dated:   Wilmington, DE
         April 23, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

/s/ *James E. O'Neill*
James E. O'Neill (DE Bar No. 4042)
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Email: joneill@pszjlaw.com

-and-

**HOGAN LOVELLS US LLP**
Richard L. Wynne (*pro hac vice*)
David P. Simonds (*pro hac vice*)
Edward McNeilly (*pro hac vice*)
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (310) 785-4600
Email: richard.wynne@hoganlovells.com
Email: david.simonds@hoganlovells.com
Email: edward.mcneilly@hoganlovells.com

Christopher R. Bryant (*pro hac vice*)
Patrick N. Petrocelli (*pro hac vice*)
390 Madison Avenue
New York, New York 10017
Telephone: (212) 918-3000
Email: chris.bryant@hoganlovells.com
Email: patrick.petrocelli@hoganlovells.com

*Counsel to Defendant Parkview Financial REIT, LP*

4